IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARNITA PROCTOR,<br><br>    Plaintiff,<br><br>  v.<br><br>BARCLAYS BANK DELAWARE,<br>TOWER FEDERAL CREDIT UNION,<br>and SALLIE MAE BANK,<br><br>    Defendants. | Civil Action No. _____<br><br>(Removed from the Superior Court of the District of Columbia) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Sallie Mae Bank ("SMB") hereby removes the civil action captioned *Charnita Proctor v. Barclays Bank Delaware, Tower Federal Credit Union, and Sallie Mae Bank*, Case No. 2025-CAB-007793, from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. As grounds for removal, SMB states as follows:

### The State Court Action

1. Plaintiff, Charnita Proctor, filed this action on November 25, 2025, in the Superior Court of the District of Columbia, Civil Division, under Civil Action No. 2025-CAB-007793 (the "State Court Action"). The Complaint alleges violations of the Fair Credit Reporting Act ("FCRA").

2. On December 9, 2025, SMB was served with the Complaint and Summons.

3. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action is attached at Exhibit A.

4. A copy of the docket in the State Court Action, which reflects that no further proceedings have occurred, is attached as Exhibit B.

**This Notice of Removal is Timely**

5. The Complaint was the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b). SMB's time for removal began upon its receipt of the Complaint on December 9, 2025.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of SMB's receipt of the initial pleading through service on December 9, 2025.

7. SMB has not yet filed a responsive pleading in the State Court Action.

8. Defendants Tower Federal Credit Union and Barclays Bank Delaware, through their respective counsel, have confirmed their consent to removal. Their written consent is attached at Exhibit C.

**This Court has Federal Question Jurisdiction**

9. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Plaintiff's Complaint purports to assert claims under the FCRA, specifically 15 U.S.C. § 1681(f) and § 1681(q). Plaintiff alleges that Defendants obtained her credit report without a permissible purpose and misrepresented the reason for obtaining the report in violation of the FCRA. Plaintiff seeks actual damages, statutory damages, and attorney's fees and costs. See Complaint, Exhibit A1.

11. Consequently, this Court has federal question jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts claims arising under federal law, and the action is removable under 28 U.S.C. § 1441.

**Removal Procedure**

12.   Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the District of Columbia is the proper court for removal from the Superior Court of the District of Columbia, where the State Court Action is pending.

13.   Accordingly, removal to this Court is proper because this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14.   Pursuant to 28 U.S.C. § 1446(d), SMB is providing Plaintiff written notice of the filing of this Notice of Removal and is filing a Notice of Filing of Notice of Removal in the State Court Action, attaching a copy of this Notice. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit D.

15.   In filing this Notice of Removal, SMB reserves any and all defenses, objections, and exceptions, including without limitation, those relating to jurisdiction, service, venue, and statutes of limitations.

**WHEREFORE**, Defendant Sallie Mae Bank hereby removes the State Court Action to the United States District Court for the District of Columbia.

Date: January 7, 2026            Respectfully submitted,

*/s/ Walter Buzzetta*
Walter J. Buzzetta, Esq. (No. 20825)
Nadine N. Williams, Esq. (No. 242068)
Stradley Ronon Stevens & Young, LLP
2000 K Street, NW, Suite 700
Washington, DC 20006
(202) 507-6407 (T)
wbuzzetta@stradley.com, nwilliams@stradley.com
*Attorneys for Defendant Sallie Mae Bank*

## **CERTIFICATE OF SERVICE**

I certify that on January 7, 2026, I filed this Notice of Removal with the Court using its ECF system, which effectuated service of process on all counsel of record. I also served a copy of this Notice of Removal upon the following by regular, first-class mail:

Jon Cornfield
McGlinchey Stafford, PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
(202) 802-9947 (T)
jcornfield@mcglinchey.com
*Attorney for Defendant Tower Federal Credit Union*

Justin Sizemore
Holland & Knight LLP
200 S 10th Street, Suite 1000
Richmond, Virginia 23219
1.804.799.6592 (T)
justin.sizemore@hklaw.com
*Attorney for Defendant Barclays Bank Delaware*

                                                    */s/ Walter Buzzetta*
                                                      Walter J. Buzzetta